# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA
        Plaintiff,

**v.**                                     **Case No. 07-CR-234**

CARMICHAEL CHANDLER
        Defendant.

---

## SENTENCING MEMORANDUM

Defendant Carmichael Chandler pleaded guilty to possession of a firearm as a felon, 18 U.S.C. § 922(g), and possession of marijuana with intent to distribute, 21 U.S.C. §§ 841(a)(1)& (b)(1)(D), and I set the case for sentencing. In imposing sentence, I follow a two-step procedure: (1) calculate the advisory guideline range, then (2) select a sentence that is sufficient but not greater than necessary under all of the factors set forth in 18 U.S.C. § 3553(a). See, e.g., United States v. Bush, 523 F.3d 727, 729 (7th Cir. 2008); United States v. Holt, 486 F.3d 997, 1004 (7th Cir. 2007).

Defendant's pre-sentence report ("PSR") adopted a base offense level of 20 on the firearm count, U.S.S.G. § 2K2.1(a)(4)(A), then added 4 levels because he possessed the gun in connection with another felony offense, i.e., drug trafficking, § 2K2.1(b)(6). On the drug count, the PSR set a base level of 6, U.S.S.G. § 2D1.1(c)(17), then added 2 for firearm possession, § 2D1.1(b)(1). The PSR then grouped the two counts pursuant to U.S.S.G. § 3D1.2 and subtracted 3 for acceptance of responsibility, 3E1.1, for a final level of 21. Coupled with his criminal history category of III, the PSR recommended an imprisonment range of 46-57 months. I found these calculations correct and adopted them without objection.

I turned then to imposition of sentence under § 3553(a). Defendant requested a non-guideline sentence of three years, while the government advocated a term at the low end of the guideline range. Under all of the circumstances, I found a three year sentence, further reduced to account for time defendant spent in state custody based on the same conduct, sufficient but not greater than necessary. This memorandum sets forth the reasons for the sentence imposed.

## I. SECTION 3553(a) FACTORS

Section 3553(a) directs the court to consider:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    the advisory guideline range;

(5)    any pertinent policy statements issued by the Sentencing Commission;

(6)    the need to avoid unwarranted sentence disparities; and

(7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The statute requires the court, after considering these factors, to impose a sentence that

2

is sufficient but not greater than necessary to satisfy the purposes of sentencing set forth in § 3553(a)(2). Although the guidelines serve as the starting point and initial benchmark in making this determination, Gall v. United States, 128 S. Ct. 586, 596 (2007), the district court may not presume that the guideline sentence is the correct one, Rita v. United States, 127 S. Ct. 2456, 2465 (2007), or place any "thumb on the scale favoring a guideline sentence." United States v. Sachsenmaier, 491 F.3d 680, 685 (7th Cir. 2007). Rather, the court must make an independent determination of what sentence is sufficient but not greater than necessary, taking into account the advisory guideline range, the relevant § 3553(a) factors, and any non-frivolous arguments presented by the parties in support of a particular sentence. United States v. Wilms, 495 F.3d 277, 282 (6th Cir. 2007).

## II. DISCUSSION

### A. Nature of Offense

On June 28, 2007, a confidential informant told police that defendant had a 9 mm assault rifle and marijuana in his apartment. Later the same day, officers responded to a gunshot call at that address, learned that defendant may have been the intended victim and that he left the area. Officers conducted a sweep of defendant's residence and observed a 9 mm assault rifle, twenty-six plastic baggies containing marijuana, and two digital scales. The marijuana weighed a total of 93.54 grams.

State authorities issued a warrant for defendant's arrest, and officers picked him up on July 7, 2007. The day after his arrest defendant made a Mirandized statement, claiming that the marijuana was for personal use, but the circumstances, including the amount, the packaging and the scales, showed otherwise, and he later admitted intent to distribute.

3

## B.    Character of Defendant

Defendant was twenty-eight years old, with two prior convictions for similar conduct.  In 2002, he was convicted of carrying a concealed weapon, and the PSR indicated that officers found the gun in defendant's car along with marijuana.  He received probation for that offense, which he completed.  In 2006, he was convicted of delivery of marijuana while armed, and the PSR indicated that in that case officers recovered a loaded 9 mm handgun upon defendant's arrest, along with the marijuana.  The court again placed him on probation for the 2006 offense, but he was revoked after this incident and ordered to serve 12 months in jail.  Defendant also had a municipal theft violation from 2007.

This record showed that defendant had been given chances in the community, but that he could not seem to stay away from drugs and guns.  There was no indication that he was a large scale dealer by any means, but he clearly presented a risk of recidivism.  It appeared that nothing short of confinement in prison would deter him.

Defendant's character otherwise was mixed.  His mother made positive statements, to the PSR writer and in court, indicating that defendant helped her with her health problems; his sister also said good things about him, including that he was a good uncle to her kids. Defendant's current girlfriend also made positive statements, and she and defendant's mother appeared in court to support him.  Defendant's ability to engender this level of support was certainly to his credit.

But defendant also displayed some irresponsibility.  He had a nine year old son from a previous relationship and owed over $18,000 in back child support, and he was the potential father of two other kids.  He admitted past use of marijuana.  He dropped out of school, apparently to help his mother; he later made some efforts to get his GED, but without success.

4

He also compiled a rather limited work record.

**C.    Purposes of Sentencing**

In determining what sentence was necessary to satisfy the purposes of sentencing, I first noted that the instant offense itself was not aggravated.  The amount of marijuana defendant possessed was small (less than ½ of the lowest amount on the guidelines' drug weight chart), and there was no indication he planned to use the gun to harm anyone.  The weapon was found inside his apartment; he was not carrying it around in his car or on his person.  He explained at sentencing that he acquired the weapon because he had previously been robbed, and the shooting incident at his apartment showed that his neighborhood was a dangerous place.  However, as defendant also admitted at sentencing, possessing a gun did not help him.  Further, this case represented the third time he had been caught with drugs and guns, and probationary terms had not deterred him.  Therefore, prison was necessary.

The guidelines recommended 46-57 months, but that range was inflated somewhat by the base offense level of 20 under U.S.S.G. § 2K2.1(a)(4), which applies when the defendant has a prior conviction for a controlled substance offense.  The predicate controlled substance offense here involved about 2 ½ grams of marijuana; it takes 100 times that much to exceed even the lowest level on the federal drug weight chart.  <u>See</u> U.S.S.G. § 2D1.1(c)(17) (covering offenses involving less than 250 grams of marijuana).  Thus, I did not consider that case to be a significant drug offense.  Further, defendant had no prior record for violent offenses or use of a firearm.  Finally, the guideline range was about four times longer than any previous sentence defendant received.[1]

––––––––––––––––––––––

[1]That 12 month sentence was based on defendant's revocation for the conduct at issue in this case.  Thus, defendant had never been to prison before his commission of this offense.

5

Therefore, I had to balance the non-aggravated nature of this case and the minimal nature of his prior drug case, with the need to impose a sentence sufficient to deter and protect the public from a defendant now on his third drugs and guns case. I concluded that under all of the circumstances a total sentence of three years was sufficient to serve these purposes. That sentence was only about 2 levels below the guideline range, and because it was based on the specific facts of the case discussed above, it created no unwarranted disparity.

I also noted that defendant actually served 6 months in state custody – from July 7, 2007 to January 7, 2008 – on the revocation sentence, which was based on the same conduct as the instant offense. I found it appropriate to take that into account as part of the total. I acknowledged that the guidelines suggest consecutive time when the defendant was on supervision, see U.S.S.G. § 5G1.3 cmt. n.3(C), but the Seventh Circuit has acknowledged that concurrent time is reasonable when the revocation sentence was based on the instant offense, see United States v. Huusko, 275 F.3d 600, 603 (7th Cir. 2001), and I would have imposed concurrent time had the state sentence here not been discharged. Under all of these circumstances, I imposed a sentence of 30 months on this case.

### III. CONCLUSION

Therefore, I committed defendant to the custody of the Bureau of Prisons for 30 months each count to run concurrently. Upon release, I ordered defendant to serve a total of four years of supervised release, with a drug testing and other conditions that appear in the judgment.

Dated at Milwaukee, Wisconsin, this 6th day of August, 2008.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

6